Filed 8/13/25  Northern Cal. Collection Service v. Love Transit CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| NORTHERN CALIFORNIA COLLECTION SERVICE, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LOVE TRANSIT INC., <br><br> Defendant and Appellant. | G063634 <br><br> (Super. Ct. No. 30-2022-01289437) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John C. Gastelum, Judge. Affirmed.

Khouri Law Firm, Michael J. Khouri and Allan A. Knight for Defendant and Appellant.

Andre J. LeLievre for Plaintiff and Respondent.

\*          \*          \*

Love Transit Inc. (Love) appeals from the trial court's granting of Northern California Collection Service, Inc.'s (NCCS) summary judgment motion. Love contends the trial court incorrectly admitted an audit report over its hearsay objection and wrongfully concluded NCCS was entitled to judgment as a matter of law. Unfortunately, Love's brief contains errors which make it difficult for this court to test the merits of its claim. From what we can test, we conclude the trial court did not err and, therefore, affirm the judgment.

FACTS[1]

The State Compensation Insurance Fund (SCIF) provided worker's compensation insurance to Love for a one-year period. In exchange, Love agreed to pay SCIF a premium. But over the period of coverage, Love only paid $58.68. Following an audit of Love's records, SCIF sent Love a bill for $87,545.24. Love did not request review, reconsideration, or an appeal of the audit or the bill. SCIF received no payments from Love. SCIF assigned the bill to NCCS for collection. NCCS received no payments from Love.

NCCS filed a complaint against Love alleging common counts for an open book account and an account stated. Love filed a general denial and asserted affirmative defenses. NCCS later filed a motion for summary judgment. NCCS's motion included a supporting declaration by a custodian of records for SCIF; the declaration attached the results of SCIF's audit. According to the declaration, despite sending letters and a "final notice" to

---

[1] "On an appeal from summary judgment, we set forth the undisputed facts and those facts alleged by plaintiff, which are supported by the evidence properly considered by the trial court, and the reasonable inferences that may be drawn from the evidence." (*Lackner v. North* (2006) 135 Cal.App.4th 1188, 1193, fn. 1.)

Love regarding the bill, SCIF received no payments. SCIF informed Love that it assigned the balance due to NCCS for collection. NCCS also submitted a declaration from its president who attempted to contact Love to collect on the bill, but Love did not cooperate or refused to respond. NCCS never received a payment for the bill from Love.

Love filed an opposition to the motion in which it objected to the audit on hearsay grounds. Aside from declarations from its attorneys, Love submitted no evidence in opposition to the motion. Further, Love did not dispute any of NCCS's facts nor did it set forth its own facts. The trial court overruled Love's objection to the audit and granted NCSS's motion. Judgment was entered in favor of NCCS, and Love appealed.

DISCUSSION

I.

LOVE FORFEITS ITS CLAIM THAT THE TRIAL COURT
IMPROPERLY ADMITTED THE AUDIT REPORT

The most fundamental rule of appellate procedure is "a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) "'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.'" (*Ibid.*) "'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record.'" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620.)

3

Love's opening brief is replete with errors making it difficult for this court to assess the merits of its claims. Because it is Love's burden to demonstrate error, we conclude it has forfeited its contention that the admission of the audit report was improper.

## A. *Love Did Not Provide an Adequate Appellate Record*

Part of the appellant's burden of overcoming the presumption of correctness is its responsibility to "provide [us with] an adequate appellate record [which] demonstrat[es] error." (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644 (*Jade Fashion*).) "Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm." (*Ibid.*)

Here, Love did not provide NCCS's motion for summary judgment—only the notice. Moreover, Love did not provide us with NCCS's separate statement of undisputed facts. Because our review is de novo, these documents are legally significant and "necessary to our determination of the issues raised on appeal." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061.) However, because NCCS supplied its own appendix containing these documents, we may deem the record adequate. (*Jade Fashion, supra,* 229 Cal.App.4th at p. 644.)

## B. *Love Did Not Cite to the Appellate Record*

Love has the obligation to support each factual assertion with a citation to the record. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590.) It forfeits any argument based on those factual assertions if it fails to do so. (*Alki Partners,* at p. 590.)

Love's brief contains sporadic citations to the record, at best. And it is missing key citations which render its brief inadequate. For example, Love claims it "disputed the audit findings and bill within a couple months," but does not support this with a citation to the record. And Love states "the auditor classified some workers as employees for billing purposes, who should otherwise be classified as independent contractors." But, again, Love does not support this statement with a citation to the record.

When Love does cite to the record, it is unhelpful. Love states "[t]he auditor conducted interviews with personnel from [Love]" and then cites to ten pages in its appendix. However, these ten pages are timesheets and financial documents, and it is not clear they are based on interviews conducted with Love personnel, nor is it clear how Love came to its conclusion. Another example is Love's claim that "a member of the audit resolution team informed [Love] their dispute was rejected." Love cites to a two-page document in the record titled "Your Final Audit Statement–2019," but there is nothing in that document to support the statement that a member of the audit team rejected Love's disputed issues. It is simply a bill.

Specific to its hearsay objection pertaining to the audit, Love contends "the basis of the [audit] report consisted of conclusions drawn from the collection of records from Appellant, and Appellant's employees." But Love does not identify what conclusions it takes issue with, what records the conclusions were improperly based on, or which employees were improperly relied on. Nor does Love point us to anywhere in the record from which we could supply this missing information.

C.  *Love Did Not Support Its Arguments with Legal Authority*

Another basic principle of appellate practice is that an appellant must support its contentions of error with legal support. "To demonstrate

5

error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) When an appellant asserts a proposition without supporting legal authority, we presume it has no foundation in the law. (*Ibid.*)

Here, Love contends the audit "is not a record of an act, condition, or event," but is instead "an assessment, indeed a reassessment, that included financial conclusions . . . . " Love does not offer any legal authority to support its claim that assessments including financial conclusions cannot qualify as an "act, condition, or event" within the business records hearsay exception. Love states the auditor improperly "passed judgment on questions attorneys regularly dispute in court," but does not identify any legal authority for its position that this is improper.

Other than stating the basic hearsay rule and business records exception, Love provides no legal authority for any of its arguments advanced in support of its position that the trial court improperly admitted the audit report. This is woefully inadequate.

D.  *Love Did Not Demonstrate Prejudicial Error*

Last, even if Love established the trial court erred in admitting the audit report, this does not mean we will disturb the judgment. "[A]rticle VI, section 13 [of the California Constitution] 'prohibits [us] from setting aside a judgment due to trial court error unless [we] find[] the error prejudicial.'" (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108.) Error is prejudicial when "'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.'" (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.) Love bears the burden to

demonstrate prejudice from the error. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.)

Love does not explain why the admission of the audit report was prejudicial. Instead, in its reply brief, it argues it is not required to do so because our review is de novo. This is incorrect. (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 ["[t]o prevail on appeal [from summary judgment], an appellant must establish both error and prejudice from that error"]; *In re Automobile Antitrust Cases I & II* (2016) 1 Cal.App.5th 127, 144 [on appeal from summary judgment, an appellant must demonstrate "the trial court's evidentiary error was prejudicial"].) In any case, from what we can discern, Love never disputed the results of the audit. Thus, the admission of the underlying report was not prejudicial.

II.

THE TRIAL COURT CORRECTLY GRANTED THE MOTION

Love argues the trial court "incorrectly concluded an open book account was created and an account stated existed." We disagree.

A. *NCCS Proved Its Account Stated a Cause of Action*

"'The essential elements of an account stated are: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due.'" (*Leighton v. Forster* (2017) 8 Cal.App.5th 467, 491.)

Here, Love and SCIF engaged in transactions creating a debtor/creditor relationship. SCIF sent a premium bill to Love for $87,545.24. Love did not dispute this bill and failed to pay it. SCIF assigned the unpaid

7

bill to NCCS for collection, and NCCS has received no payments. These facts establish each element of an account stated.

Love disagrees and cites two pages in the record in which it claims it disputed the results of the audit. The pages cited are the "Final Audit Statement." There is nothing in those pages to demonstrate Love objected to the audit or the bill. Further, Love did not dispute NCCS's separate statement on the issue. Thus, for purposes of the motion, we conclude Love did not dispute the audit, despite purported evidence to the contrary. (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 747.) Moreover, Love did not set forth its alleged dispute of the audit in its own separate statement. Therefore, for our purposes, the alleged fact does not exist. (*City of Pasadena v. Superior Court* (2014) 228 Cal.App.4th 1228, 1238, fn. 4.)

B. *NCCS Proved an Open Book Account*

An open book account "'contains a statement of the debits and credits of the transactions involved completely enough to supply evidence from which it can be reasonabl[y] determined what amount is due to the claimant.'" (*Robin v. Smith* (1955) 132 Cal.App.2d 288, 291.) Here, for the same reasons stated above, the evidence demonstrates an open book account whereby Love owes NCCS $87,545.24. Love does not support its arguments to the contrary with citations to the record and, therefore, forfeits the contentions.

## DISPOSITION

We affirm the judgment. NCCS is to recover its costs incurred on appeal.


SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SCOTT, J.

9